UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KURT GERARD RICHARDSON | ) | CASE NO. 19-61728-lrc |
| TARA RAKOSKE RICHARDSON | ) | |
| | ) | |
| Debtor | ) | CHAPTER 7 |
| | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| | ) | |
| TARA RAKOSKE RICHARDSON | ) | |
| | ) | CONTESTED MATTER |
| Debtor, | ) | |
| v. | ) | |
| | ) | |
| S. GREGORY HAYS, in his capacity | ) | |
| as Chapter 7 Trustee | ) | |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

**OBJECTION TO EMPLOYMENT OF BROKER**

COMES NOW Tara Rakoske Richardson, Debtor herein ("Debtor") and hereby submits this "Objection to Employment of Broker" (the "Objection"), showing as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334.

**Background**

2. Debtor commenced the Bankruptcy Case by filing her voluntary Chapter 7 petition for relief pursuant to Chapter 7 of Title 11 of the United States Code on July 30, 2019 (the "Petition Date").

3. Respondent S. Gregory Hays is the duly appointed Chapter 7 trustee for Debtor's Bankruptcy Case ("Trustee"). Trustee is subject to the jurisdiction of this Court.

4. Debtor resides at 1648 Mercer Avenue, College Park, GA 30337 (the "Residence").

5. Debtor obtained an interest in the Residence pursuant to a limited warranty deed from Carol W. Springer n/k/a Carol Springer Sargent, dated May 26, 2016, and recorded at Deed Book 56219, Page 443, Fulton County Records.

6. On or about May 26, 2016, Plaintiff executed a security deed on the Residence (the "Security Deed") in favor of BankSouth Mortgage Company, LLC ("BankSouth"), recorded at Deed Book 56219, Page 445, Fulton County Records, securing a promissory note in the original principal amount of $316,394 (the "Note").

7. The Note has a maturity date of June 1, 2046 (the "Maturity Date").

8. BankSouth assigned its interest in the Security Deed to AmeriHome Mortgage Company, LLC ("AmeriHome") pursuant to an instrument dated June 14, 2018, and recorded at Deed Book 58928, Page 514, Fulton County Records.

9. AmeriHome assigned its interest in the Security Deed to MidFirst pursuant to an instrument dated November 30, 2018, and recorded at Deed Book 59521, Page 351, Fulton County Records.

10. MidFirst is the current holder of the Security Deed.

11. As of July 2019, the unpaid balance owed MidFirst under the Note was $299,603.68 in principal, $6,737.36 in interest, $5,619.83 in advanced escrow, and $1,586.18 in suspense funds, for a total of $310,374.69 (the "Unpaid Balance").

12. Plaintiff and MidFirst entered into a Loan Modification Agreement (the "Modification") dated July 16, 2019, recorded at Book 60303, Page 233, Fulton County Records.

13. Pursuant to the Modification, the Unpaid Balance owing MidFirst was fixed at $246,340.28 (the "Modified Principal Balance") and was payable at a fixed rate of interest of 4.5% and with monthly installments of principal and interest, plus escrow payments in the amount of $626.83, for a total monthly payment of $1,875. The Modification extended the Maturity Date to August 1, 2049.

14. The Modification was recorded at Book 60303, Page 233, Fulton County Records.

15. The Modification further provided in Section 9 that: "It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance *and other obligations* to [MidFirst] have been fully paid. [Plaintiff] and [MidFirst] acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner *affect or impair the Note* or the liens or security interests securing the Note." (emphasis added)

16. As part of a mortgage relief program, the Department of Housing and Urban Development ("HUD") advanced to MidFirst $64,034.41 (the "Deferred Balance") representing the difference between the Unpaid Balance and the Modified Principal Balance.

17. In consideration of the advance of the Deferred Balance, Plaintiff executed in favor of HUD a Subordinate Security Deed recorded at Book 60290, Page 676, Fulton County Records (the "HUD Security Deed").

18. The Deferred Balance owed HUD is payable when the amounts due MidFirst are paid in full.

19. The Modification specifically referenced the execution of a Subordinated Mortgage/Deed of Trust between Plaintiff and HUD to secure the payment of the Deferred Balance.

20. On the Petition Date, it appears that the value of the Residence was less than the total of the Modified Principal Balance, the Deferred Balance, and the exemptions claimed by Debtor and her spouse.

21. On January 20, 2020, Trustee commenced an adversary proceeding styled *S. Gregory Hays, Chapter 7 Trustee for the Estates of Kurt Gerard Richardson and Tara Rakoske Richardson v. U.S. Secretary of Housing and Urban Development*, Adversary Proceeding No. 20-06019 (the "Adversary Proceeding"), seeking avoidance of the transfer represented by the HUD Security Deed on the grounds of an alleged improper attestation.

22. On May 12, 2020, the Court entered an Order in the Adversary Proceeding granting Trustee's Motion for Summary Judgment, avoiding the transfers represented by the HUD Security Deed, and further providing that "Trustee hereby recovers from HUD its interest in the Property…"

23. Trustee initially demanded that Debtor and her husband pay an amount substantially equal to the Deferred Balance in order to avoid Trustee's marketing and selling the Residence.

24. On or about October 6, 2020, Trustee's counsel informed the undersigned that there was equity in the Residence over and above the Modified Principal Balance, the Deferred Balance, and the exemptions claimed by Debtor and her spouse (the "Nonexempt Equity"). Trustee estimated that the sale of the residence would generate, after broker's commissions and costs of sale, $118,000 for the estate, inclusive of the Deferred Balance.

25. It appears that the Residence may have appreciated in value since the Petition Date. In the normal course, it is standard and usual for trustees to settle with debtors to allow debtors to "buy back" the nonexempt portion of their residence's equity.

26. Debtor recognizes that the Nonexempt Equity (totaling approximately $54,000) would need to be addressed with Trustee to retain the Residence. Trustee has been informed that Debtor intends to secure funds to resolve the issues with Trustee.

27. Nevertheless, Trustee has sought approval of the employment of Coldwell Banker Residential Brokerage ("Broker") to market and sell the Residence. On October 9, 2020, the Court entered an Order approving the employment of Broker subject to objection within 21 days of entry of the Order. This Objection is filed within such time.

## Relief Requested

28. Debtor requests that the Court deny or delay the employment of Broker to enable Debtor to secure the necessary financing to retain the Residence by paying the Nonexempt Equity. Debtor further requests that the Court inquire as to the appropriateness of accelerating the payment of the entire Deferred Balance to the detriment of Debtor and her interest in retaining the Residence. If necessary, Debtor requests that the Court determine the present value of the avoided HUD Security Deed.

## Basis for Relief

29. As previously stated, Debtor acknowledges that she must address the Nonexempt Equity to retain the Residence.

30. However, Trustee's demand that Debtor also pay the full amount of the Deferred Balance owed HUD due to the avoidance of the HUD Security Deed creates an inequitable hardship.

31. By avoiding the HUD Security Deed and preserving its benefits for the estate, Trustee now stands in the shoes of HUD with the same rights that HUD held under the HUD Security Deed.

32. HUD merely had the right to payment of the Deferred Balance upon payment of the amounts owed MidFirst, which may not occur until the Maturity Date.

33. The inequity is particularly pronounced here, since the present value of the avoided HUD Security Deed is significantly less than the Deferred Balance. Trustee is demanding that Debtor pay the full Deferred Balance despite the fact that payment of the Deferred Balance may not be enforced for 26 years.

34. Trustee is not without remedy. Trustee may seek a money judgment against HUD equal to the value of the avoided HUD Security Deed pursuant to 11 U.S.C. § 550(a)(1), or may seek to recover any refund of the Deferred Balance from HUD.

35. At the very least, the Court should determine the present value of the avoided HUD Security Deed to enable Debtor to resolve that issue with Trustee.

WHEREFORE, Debtor prays that this Court inquire into this Objection and grant such relief as is appropriate.

Dated: October 22, 2020

LAMBERTH, CIFELLI,
 ELLIS & NASON, P.A.
Counsel for Plaintiff

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

**Certificate of Service**

      This is to certify that I have on this day electronically filed the foregoing *OBJECTION TO EMPLOYMENT OF BROKER* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

      Michael J. Bargar
      michael.barger@agg.com

      Lauren A. Drayton
      LDrayton@SemradLaw.com

Dated: October 22, 2020

              */s/ G. Frank Nason, IV*
              G. Frank Nason, IV
              Georgia Bar No. 535160

6000 Lake Forrest Drive
Suite 435
Atlanta, Georgia 30328
(404) 262-7373