**IT IS ORDERED as set forth below:**



Date: January 26, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-61728-LRC |
| | : | |
| KURT GERARD RICHARDSON and | : | CHAPTER 7 |
| TARA RAKOSKE RICHARDSON, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On December 29, 2020, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Kurt Gerard Richardson ("**Mr. Richardson**") and Tara Rakoske Richardson ("**Mrs. Richardson**" and collectively with Mr. Richardson, the "**Richardsons**" or "**Debtors**"), filed his *Motion for Approval of Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 41] (the "**Motion**"), seeking an order approving a settlement agreement (the "**Settlement Agreement**")

16123411v1

between Trustee and Debtors (collectively, the "**Parties**") wherein, *inter alia*,[1] Debtors shall pay a total of $115,000.00 (the "**$115,000.00 Settlement Funds**") to Trustee through certain Scheduled Payments[2] for the interest of the Bankruptcy Estate (the "**Interest**") in certain improved real property with a common address of 1648 Mercer Avenue, Atlanta (College Park), Fulton County, Georgia 30337 (the "**Property**").  In return, the Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (1) Trustee's receipt in full of the $115,000.00 Settlement Funds from Debtors in good funds; or (2) this Settlement Approval Order becoming final.  In addition, the Parties stipulate and agree that Debtors shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $115,000.00 Settlement Funds, or for any reason, and that neither Debtors nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate. Moreover, Debtors waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtors out of the $115,000.00 Settlement Funds on account of exemptions asserted by or on behalf of Debtors, if any, in the Property, the Interest, or the $115,000.00 Settlement Funds.  Finally, the Settlement Agreement includes default provisions should Debtors fail to make the Scheduled Payments totaling $115,000.00. The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

On December 30, 2020, Trustee filed a *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 42] (the "**Notice**") regarding the Motion, in accordance with General Order

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

16123411v1

No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on December 30, 2020.  [Doc. No. 43].

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018.  No objection to the Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated herein.  It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement.  It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Order prepared and presented by**:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-7030
Email: michael.bargar@agg.com

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Evan Owens Durkovic
The Semrad Law Firm, LLC
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite 435
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328

Kurt Gerard Richardson
1648 Mercer Ave
Atlanta, GA 30337

Tara Rakoske Richardson
1648 Mercer Ave
Atlanta, GA 30337

16123411v1

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

16123411v1